# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-05008-01-CR-SW-RK |
| ) | |
| MICHAEL DOUGLAS PETERSON, ) | |
| ) | |
| Defendant. ) | |

## REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE

Before the Court is Defendant's Amended Motion for Disclosure of Grand Jury Transcripts (Doc. 73) and Defendant's Motion to Dismiss Superseding Indictment (Doc. 74). Pursuant to 28 U.S.C. § 636(b), and Local Rule 72.1, the above-styled criminal action was referred to the undersigned for preliminary review. (Doc. 5). For the reasons set forth below, it is hereby **RECOMMENDED** that Defendant's Motions, (Docs. 73 and 74), be **DENIED**.

On February 25, 2017, a federal grand jury returned an indictment charging Defendant with violations of 18 U.S.C. §§ 2251(a) and 2422(b) for attempting to entice a minor to engage in sexually explicit conduct via internet and cellphone networks. (Doc. 4). Defendant filed a Motion to Dismiss Indictment (Doc. 48) and a Motion for Disclosure of Grand Jury Transcripts (Doc. 49), arguing the indictment should be dismissed for a violation of due process resulting from the spoliation of evidence, and that the Grand Jury transcript should be disclosed to determine whether the prosecution misled the jury about this loss of evidence. On May 25, 2017, the Court held a hearing on Defendant's motions (Docs 48 and 49), and issued a report and recommendation that the motions be denied. (Doc. 69) On May 11, 2017, prior to this hearing but after the parties had already filed briefing on Defendant's motions, a federal grand jury

returned a superseding indictment adding a third count, charging the defendant with a violation of 18 U.S.C. § 2423(b) for crossing state lines for the purpose of engaging in any illicit sexual conduct with a person under 18. (Doc. 63) On September 25, 2017, Defendant filed an amended Motion for Disclosure of Grand Jury Transcripts (Doc. 73) and a Motion to Dismiss the Superseding Indictment (Doc. 74), relying on the arguments raised in his previous pleadings as well as his objections to this Court's report and recommendation. (Docs. 48, 49, 60, 61, and 72.)

Defendant's subsequent motions do not raise any new arguments, present any additional evidence or case law or otherwise establish that the lost evidence would clearly exculpate the defendant or was destroyed in bad faith. *Arizona v. Youngblood*, 488 U.S. 51, 57 (1988). Further, Defendant does not deny that other evidence exists that could have supported the indictment nor object to the Court's determination that the best evidence rule does not preclude the use of the evidence extracted from the lost phone. Neither does the Defendant articulate any new particularized need for the grand jury transcripts or establish how the prosecution engaged in improper conduct apart from bare allegations that such conduct occurred. Instead, he essentially attempts to challenge the sufficiency of the evidence before the Grand Jury, which does not justify the disclosure of the transcripts. *United States v. Roach*, 28 F.3d 729, 739 (8th Cir. 1994); *United States v. Nelson*, 165 F.3d 1180, 1182 (8th Cir. 1999).

For the reasons stated above and in this Court's Report and Recommendation issued on August 8, 2017, (Doc. 69) it is hereby **RECOMMENDED** that Defendant's Amended Motion for Disclosure of Grand Jury Transcripts and Motion to Dismiss Superseded Indictment, (Docs. 73 & 74), be **DENIED**.

/s/ *David P. Rush*  
DAVID P. RUSH  
UNITED STATES MAGISTRATE JUDGE

DATE: November 17, 2017